People v Johnson (2020 NY Slip Op 01516)





People v Johnson


2020 NY Slip Op 01516


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-11154

[*1]The People of the State of New York, respondent,
v
Kyra Johnson, appellant. (S.C.I. No. 1886/17)


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Charles T. Pollak of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bruna DiBiase, J.), rendered September 6, 2017, convicting her of attempted criminal possession of a weapon in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). Here, as the People concede, even though the defendant was an eligible youth, the record does not demonstrate that the Supreme Court considered and determined whether the defendant should be afforded youthful offender status (see People v Garcia, 175 AD3d 612, 613; People v StVal, 173 AD3d 1225; People v Mead, 159 AD3d 1040, 1041). Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Queens County, to determine whether the defendant should be adjudicated a youthful offender, and for resentencing thereafter (see People v StVal, 173 AD3d 1225). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
In light of this determination, the defendant's remaining contentions have been rendered academic.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court